UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES WILLIAMS, IV,

      Plaintiff,

 v.                                         Civil Action 2:22-cv-4023
                                               Judge Sarah D. Morrison
                                               Magistrate Judge Chelsey M.
DAVID HAYES, *et al.*,                    Vascura

      Defendants.

## OPINION AND ORDER

Plaintiff, James Williams, IV, an Ohio state inmate proceeding without the assistance of counsel, brings this action against state prosecutors, his appointed public defender, a state-court judge, and John and Jane Doe Defendants. This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (*See* Praecipe, ECF No. 6, noting Plaintiff's request that his materials supporting pauper status submitted in other cases be applied to this case.) For the reasons that follow, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is **DENIED**.

Congress has restricted a prisoner's right to proceed *in forma pauperis*. In accordance with Section 804(d) of the Prison Litigation Reform Act ("PLRA") of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or

> more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This Court has determined that Plaintiff is a "three striker" as contemplated in § 1915(g) due to four lawsuits he filed that have been dismissed as frivolous or for failure to state a claim pursuant to 28 U.S.C. § 1915(e). *See Williams v. Liberty Mutual Insurance, et al.*, No. 2:22-3364 (S.D. Ohio, October 28, 2022); *Williams v. Hayes, et al.*, No. 2:22-cv-3383 (S.D. Ohio, October 26, 2022); *Williams v. Wright Patterson Air Force Base*, No. 2:22-cv-3440 (S.D. Ohio, October 26, 2022), and *Williams v. Buckwalter, et al.*, 3:22-cv-288 (S.D. Ohio, October 26, 2022).

In view of Plaintiff's multiple "strikes," he may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." "[T]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks and citation omitted). To satisfy this pleading standard, "[a] plaintiff must . . . allege[ ] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that he was under an existing danger at the time he filed his complaint." *Id.* (citing *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)) (internal quotation marks and citations omitted). Imminent danger means that "the threat or prison condition must be real and proximate and the danger of

2

serious physical injury . . . ." *Vandiver*, 727 F.3d at 585 (internal quotation marks and citation omitted).

With respect to Plaintiff's claims against the Defendants, the Court is unable to discern any facts from either Plaintiff's Complaint or his other filings that plausibly allege that he meets the statutory exception set forth in § 1915(g). For these reasons, the Court orders as follows:

1. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 6) is **DENIED**.

2. Plaintiff is **ORDERED** to pay the full $402 filing fee ($350 filing fee, plus $52 administrative fee) required to commence this action **WITHIN THIRTY DAYS**. Plaintiff is advised that his failure to timely pay the full $402 fee within thirty days will result in the dismissal of this action.

3. The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**